IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Miyuki Maureen Johnson, | ) | C/A No.: 3:17-1122-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Col. Eric Edwards; Col. Clem Donald McDuffie; GS-13 Carla M. Laird; and GS-15 Andrea V. Gardener, in their individual and personal capacities, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's motions for default judgment. [ECF Nos. 24, 25, 26]. Under Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), all pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the court denies Plaintiff's motions for default judgment.

I.      Federal Employee Defendants

Plaintiff, proceeding *pro se*, brought this action against Col. Eric Edwards, Col. Clem Donald McDuffie, GS-13 Carla M. Laird, and GS-15 Andrea V. Gardener ("Defendants") in their "individual and personal capacities." [ECF No. 1]. Plaintiff filed documents purporting to have served the operational complaint [ECF No. 15] on Defendants [ECF Nos. 22, 23]. Upon receipt of these documents, the Clerk's Office failed to note that Defendants are federal employees and incorrectly applied the 30-day answer/responsive pleading deadline for non-federal employees. [*See* ECF No. 30, noting Clerk's error]. Because Defendants are federal employees, they are entitled to 60 days to

answer or otherwise plead under Fed. R. Civ. P. 12(a)(3) after proper service. The Clerk's Office has since applied the 60-day answer/responsive pleading deadline of July 24, 2017, for all Defendants except Laird, whose deadline is July 31, 2017, assuming proper service. Because those deadlines have not yet passed, Plaintiff's motions for default judgment are denied as premature.

II.     Proper Service on Federal Employee Defendants

Pursuant to Fed. R. Civ. P. 12(a)(3), a "United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint . . . within 60 days after service on the officer or employee or service on the United States attorney, whichever is later." Although Plaintiff has provided proof of service of the operational complaint on the individual Defendants, Plaintiff has provided no proof of service having been made on the United States Attorney and the Attorney General of the United States. Pursuant to Fed. R. Civ. P. 4(i)(A)(3), "to serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Because no proof of service has yet been made as to the United States Attorney and the Attorney General of the United States, the deadline for Defendants to answer cannot be yet determined, as proper service does not appear to have been effectuated.

For the foregoing reasons, Plaintiff's motions for default judgment [ECF Nos. 24, 25, 26] are denied.

IT IS SO ORDERED.

July 10, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge